Steven A. Christensen, #5190
Cameron S. Christensen, #16015
Christensen Young & Associates, PLLC
9980 So. 300 West, #200
Sandy, Utah 84070
Telephone:  (866) 861-3333
Facsimile:  (888) 569-2786
steven@christensenyounglaw.com
cameron@christensenyounglaw.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **J&I MAINTENANCE, INC**, a Utah Corporation,<br>　　　　Plaintiff<br>v.<br><br>**J&I MAINTENANCE, LLC**, a Wyoming Limited Liability Company, **JERRY RODRIGUEZ**, a Utah Resident, and **ANA RODRIGUEZ,** a Utah Resident,<br><br>　　　Defendants. | **VERIFIED COMPLAINT**<br><br><br>JUDGE:<br>Case No:  2:24-cv-00085 |

COME NOW, Plaintiff J&I Maintenance, Inc, by and through counsel of record, hereby complain against J&I Maintenance LLC, Ana Rodriguez, and Jerry Rodriguez, as follows.

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a Utah Corporation owned by Joseph Cardenas.

2. Upon information and belief, Defendant J&I Maintenance, LLC is a Wyoming LLC with its principal place of business in West Valley City, Utah.

3. Upon information and belief, Defendant Ana Rodriguez is a Utah resident.

1

4. Upon information and belief, Defendant Jerry Rodriguez is a Utah resident.

5. This action arises under the Federal Trademark Act, 15 U.S.C. § 1051 et seq., the Federal Lanham Act, 15 U.S.C. § 1125(a), and the Utah Unfair Competition and Practices Acts, Utah Code Ann. § 13-5-101 et seq. 6.

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant's contacts with Utah are sufficient to create personal jurisdiction over Defendant in Utah and because a substantial part of the events giving rise to the claims in this action occurred within this District.

**FACTS**

8. J&I Maintenance Inc. started operations in at least 2006 and conducted business at 3800 S. 6400 W. in West Valley, Utah.

9. Joseph Cardenas is the sole owner of J&I Maintenance Inc. and has been since its inception.

10. J&I Maintenance Inc. has been in business continuously since it started.

11. J&I Maintenance Inc. has become a well-known and respected provider of cleaning services for grocery stores throughout the country.

12. J&I Maintenance Inc. has spent years fostering and developing relationships with industry leaders to ensure a reputation of high-quality service.

13. Defendants Ana Rodriguez and Jerry Rodriguez worked for Plaintiff and had knowledge of the day-to-day operations of the business.

14. Defendant Ana Rodriguez was the day-to-day manager of J&I Maintenance, Inc for several years, which allowed her to have access to financial information, trade secrets, employee lists, confidential information regarding pricing, contact information for Kroger's leadership teams, and control over J&I Maintenance, Inc's accounts.

15. Defendant Jerry Rodriguez worked with J&I Maintenance for several years, which allowed him to have access to J&I Maintenance, Inc.'s confidential and proprietary information.

16. Defendants stopped working for Plaintiff in late 2022.

17. Upon information and belief, on or around December 18, 2022, Defendants Ana Rodriguez and Jerry Rodriguez formed an LLC titled "J&I Maintenance, LLC" in Wyoming for the purposes of competing with Plaintiff's business. Exhibit A.

18. Defendants listed J&I Maintenance LLC's address as 3800 S. 6400 W., West Valley City, Utah, which is the same address as J&I Maintenance Inc. *Id.*

19. Jerry Rodriguez has held himself out to be the "CEO" of J&I Maintenance, LLC.

**KROGER CONTRACTS**

20. Plaintiff had business relationships with the national grocery chain The Kroger Co.

21. In late 2022 and early 2023, Plaintiff J&I Maintenance Inc. was in the process of negotiating a long-term contract with Kroger for dozens of grocery stores throughout the Western United States.

22. The contract would have realized significant profits for Plaintiff.

23. At points in Plaintiff's communications with Kroger, Defendants Ana Rodriguez and/or Jerry Rodriguez were communicating with Kroger as part of their employment responsibilities.

24. Upon information and belief, Defendants started J&I Maintenance LLC with the intention of confusing customers and taking clients from J&I Maintenance Inc.

25. Defendants did not have permission to use the J&I Maintenance name or any other tangible or intellectual property belonging to Plaintiff.

26. Upon information and belief, Defendants Ana Rodriguez and Jerry Rodriguez eventually sent Kroger a contract that was between Kroger and J&I Maintenance LLC rather than J&I Maintenance Inc.

27. Upon information and belief, Defendants used the J&I Maintenance Inc email addresses to send the proposed contract to Kroger.

28. At or around this point, Defendant Ana Rodriguez used her administrative access to shut down Plaintiff's access to the email accounts, locking Plaintiff and its owner out of their own J&I Maintenance Inc. email accounts.

29. When sending the new contract, Defendants hand wrote in J&I Maintenance, but used J&I Maintenance LLC's EIN rather than J&I Maintenance Inc.'s EIN. Exhibit B.

30. Defendant Jerry Rodriguez signed the contract on behalf of J&I Maintenance LLC.

31. Upon information and belief, shortly after shutting down Plaintiff's access to the email system, Defendants Ana Rodriguez and/or Jerry Rodriguez contacted Plaintiff's employee payroll system provider and altered the account and account status.

32. Upon information and belief, Defendants did so to harm Plaintiff's ability to maintain independent contractors and the ability to continue business operations.

33. Upon information and belief, shortly after misappropriating the contract, shutting down the emails, and sabotaging the payroll, Defendants left Plaintiff's company.

34. Upon information and belief, Defendants have been using the J&I Maintenance name since December 2022.

35. Upon information and belief, Defendants' use of the J&I Maintenance LLC name has caused confusion with potential business partners such as Kroger, who believe they are doing business with J&I Maintenance Inc.

36. Defendants' improper and continued misuse of the J&I Maintenance name will cause continuing, immediate, and irreparable harm to the J&I Maintenance trademark, name, and goodwill.

**FIRST CAUSE OF ACTION**
**(Trademark Infringement – 15 U.S.C. § 1125(1a))**

1. Plaintiff hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

2. Plaintiff has used the trade name J&I Maintenance Inc. since at least 2006.

3. Plaintiff completes work in Utah and throughout the Western United States.

4. Defendants Jerry Rodriguez and Ana Rodriguez worked at J&I Maintenance Inc. for a period of several years, during which time, they became acutely aware of the brand's value and reputation.

5

5. Upon information and belief, on or around December 2022, Defendants registered a competing company called "J&I Maintenance LLC" in Wyoming, using the same principal place of business as J&I Maintenance Inc.

6. Upon information and belief, J&I Maintenance LLC does work in the same states as J&I Maintenance Inc. using the "J&I Maintenance" (with no "LLC" or "Inc." suffix) and/or J&I Maintenance LLC names.

7. J&I Maintenance Inc.'s customers of its cleaning services and business partners have exhibited confusion between the two J&I Maintenance companies.

8. Defendants' activities have actually caused confusion and mistake, has deceived as to the affiliation, connection, or association of Defendants with Plaintiff, and has deceived regarding the approval and participation of Plaintiff in the commercial activities and services provided by Defendants.

9. Defendants' activities are likely to continue to cause confusion and mistake, deception as to the affiliation, connection, or association of Defendants with Plaintiffs, and deception regarding the approval and participation of Plaintiffs in the commercial activities and services provided by Defendants.

10. Defendants have used false statements and misrepresentations in connection with their unauthorized use of the Plaintiff's marks and name.

11. Wherefore, Plaintiff is entitled to injunctive relief as set forth in 15 USCA § 1116.

12. Wherefore, as set forth in 15 USCA § 1117(a) Plaintiff pleads for
    a. Defendant's profits,
    b. any damages sustained by the Plaintiff,

    c. the costs of the action, and

    d. due to the willful and egregious nature of Defendants' actions, attorney fees.

13. Wherefore, as set forth in 15 USCA § 1118, Plaintiff requests the Court order the destruction of all articles that use the infringing trademark.

14. Plaintiff further requests damages in an amount of (i) three times the profits and damages Plaintiff; and (ii) the reasonable attorneys fees incurred in this action pursuant to Utah Code Ann. § 70-3a-404(3).

## SECOND CAUSE OF ACTION

**(Trademark Dilution – 15 U.S.C. § 1125(c) and Utah Code Ann. § 70-3a-403)**

15. Plaintiff hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

16. Plaintiff has generated over a million dollars in gross revenue since using the J&I Maintenance mark since at least as early as 2006.

17. Plaintiff's strategic advertising and marketing of its J&I Maintenance trademark both throughout Utah and the United States has resulted in the establishing of connections with well-known businesses in need of regular cleaning services.

18. Plaintiff has consistently provided services using the mark in some of the top businesses in the industry.

19. For the foregoing reasons, Plaintiff's mark has become famously known and has acquired distinctiveness in the state of Utah, as well as across the United States.

20. However, since the inception of Defendants' business, both existing and potential customers have come to associate Plaintiff's mark with Defendants' business.

21. Defendants' unauthorized, intentional, and bad faith use of the J&I Maintenance name and mark has resulted in the dilution of Plaintiff's trademark which has damaged Plaintiff in lost profits.

22. Defendants' actions are intentional and deceitful, as evidenced by Defendants' omissions of the "LLC" and "Inc" from contract, the use of the same business address, the use of Plaintiff's emails to engage in business to divert business to Defendants. and the attempts to shut off Plaintiff's access to emails to prevent Plaintiffs from noticing and monitoring Defendants' actions.

23. Wherefore, Plaintiff is entitled to injunctive relief as set forth in 15 USCA § 1116.

24. Wherefore, as set forth in 15 USCA § 1117(a) Plaintiff pleads for

    a. Defendant's profits,

    b. any damages sustained by the plaintiff,

    c. the costs of the action, and

    d. due to the willful and egregious nature of Defendants' actions, attorney fees.

25. Wherefore, as set forth in 15 USCA § 1118, Plaintiff requests the Court order the destruction of all articles that use the infringing trademark.

26. Plaintiff further requests damages in an amount of (i) three times the profits and damages Plaintiff; and (ii) the reasonable attorneys fees incurred in this action pursuant to Utah Code Ann. § 70-3a-404(3).

### THIRD CAUSE OF ACTION
**(Violation of common law trademark)**

27. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

28. Plaintiff has used the name J&I Maintenance Inc since 2006.

29. Defendant created a company using the name "J&I Maintenance LLC" that competes in the same geographical region, provides the same services, and even uses the same physical address.

30. Upon information and belief, Defendants intentionally chose a substantially similar name for the purpose of tricking customers into believing that they were using Plaintiff's services.

31. Customers have exhibited confusion between the two companies.

32. With the same name, geographic locations served, and type of service, it is likely that current and future customers will be confused by Defendants' misuse of the J&I Maintenance name.

## FOURTH CAUSE OF ACTION
### (Unfair Competition – Utah Code Ann. § 13-5a-101 et seq.)

33. Plaintiff hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

34. J&I Maintenance Inc. has a common law trademark.

35. Plaintiff has obtained nationwide common law rights in the J&I Maintenance Inc. mark by virtue of its continuous use of the mark in commerce since at least as early as 2006.

36. Defendants are not authorized to use the J&I Maintenance mark.

37. Nevertheless, Defendants have used and continue to use the mark in connection with the sale, distribution, marketing, or advertising of goods or services.

38. As such, Defendant has and continues to infringe on Plaintiff's trademark in violation of Utah Code Ann. § 13-5a-102.

39. The continued infringement is unlawful, unfair, and fraudulent.

40. The continued infringement has led to a material diminution in value of intellectual property.

41. Upon information and belief, the continued infringement has used malicious cyber activity to achieve its goals, including using Plaintiff's email addresses to divert business to Defendants and restricting Plaintiff's access to its emails to obscure Defendants' wrongful activities.

42. The continued infringement is an infringement of a trademark and trade name.

43. Wherefore, Plaintiff respectfully requests

   a. actual damages;
   b. costs and attorney fees; and
   c. punitive damages pursuant to Utah Code Ann. § 13-5a-103.

### FIFTH CAUSE OF ACTION
### (Conversion)

44. Plaintiff hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

45. Defendants had a special position of trust within the J&I Maintenance Inc. company.

46. Defendants' position granted them access to Plaintiff's property.

47. Upon information and belief, Defendants took the following property from Plaintiff:

   a. Intellectual property
   b. Client lists
   c. Corporate accounts

48. Defendants were without legal right or justification to take the property.

10

49. Plaintiff was the legal and lawful owner of the property when it was taken, and remains the rightful owner of the Property.

50. Plaintiff has been deprived of the use and possession of the property that has been taken by Defendants.

51. Defendants have retained and used the property of Plaintiffs for gain.

52. Wherefore, Plaintiff requests damages in an amount to be proven at trial, including but not limited to:

    a. The value of the loss of use of the property,

    b. The loss of income from not being able to use the property,

    c. The value of any past, present, or future use that has been wrongfully obtained by Defendants' use of the property,

    d. Punitive damages.

## SIXTH CAUSE OF ACTION
### (Intentional Interference with Contractual Relations)

53. Plaintiff hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

54. Plaintiff had ongoing contractual economic relations with Kroger.

55. Defendants created an imposter entity to get a contract with Kroger under a new entity that they controlled.

56. It was improper for Defendants to wrongfully use Plaintiff's goodwill, name, and reputation to trick Kroger into signing a contract with Defendants.

57. Plaintiff has been injured as a result of Defendants' improper actions.

58. Wherefore, Plaintiff requests judgment in an amount determined at trial, but in no case less than three million dollars, plus punitive damages and attorney fees.

**SEVENTH CAUSE OF ACTION**
**(Intentional Interference with Prospective Economic Relations)**

59. Plaintiff hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

60. Plaintiff had an ongoing relationship with Kroger and was going to sign a lucrative contract with Kroger.

61. Defendants were aware of the business relationship and the new contract.

62. Upon information and belief, Defendants created a new entity in Wyoming with a similar business name and got Kroger to sign the contract with this new entity on the assumption that it was dealing with Plaintiff.

63. Upon information and belief, Defendants used their position of trust within Plaintiff's company to shut down Plaintiff's email accounts so their actions could be hidden.

64. Plaintiff had business relationships with employees, subcontractors, independent contractors, and vendors.

65. Defendants were aware of each of these business dealings.

66. Upon information and belief, while employed by Plaintiff, Defendants contacted employees, subcontractors, independent contractors, and vendors to wrongfully divert the dealings to Defendants' new counterfeit business.

67. Defendants' actions harmed Plaintiff's current and future economic relations with the individuals mentioned in this section.

68. Plaintiff has been harmed in the amount of lost business, goodwill, reputation, and earnings.

69. Wherefore, Plaintiff requests judgment in an amount determined at trial, but in no case less than three million dollars, plus punitive damages and attorney fees.

**EIGHTH CAUSE OF ACTION**
**(Intentional Interference with Business Relationships)**

70. Plaintiff hereby realleges and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

71. Plaintiff had an ongoing relationship with Kroger.

72. Defendants were aware of the business relationship and the new contract.

73. Upon information and belief, Defendants created a new entity in Wyoming with a similar business name and got Kroger to sign the contract with this new entity on the assumption that it was dealing with Plaintiff.

74. Upon information and belief, Defendants used their position of trust within Plaintiff's company to shut down Plaintiff's email accounts so their actions could be hidden.

75. Plaintiff had business relationships with employees, subcontractors, independent contractors, and vendors.

76. Defendants were aware of each of these business dealings.

77. Upon information and belief, while employed by Plaintiff, Defendants contacted employees, subcontractors, independent contractors, and vendors to wrongfully divert the dealings to Defendants' new counterfeit business.

78. Defendants' actions harmed Plaintiff's current and future economic relations with the individuals mentioned in this section.

79. Plaintiff has been harmed in the amount of lost business, goodwill, reputation, and earnings.

80. Wherefore, Plaintiff requests judgment in an amount determined at trial, but in no case less than three million dollars, plus punitive damages and attorney fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally, as follows:

1. For damages as set forth and requested in each cause of action,

2. For temporary and permanent injunctive relief prohibiting the unauthorized use of Plaintiff's marks and/or intellectual property,

3. For compensatory damages as set forth in each cause of action and to be proven at trial,

4. For a disgorgement of all profits made by Defendant J&I Maintenance, LLC,

5. For three times the profits made by Defendants according to law,

6. For attorneys fees and costs associated with bringing this case,

7. For any past and future profits based on any contract obtained through the use of Plaintiff's marks and/or intellectual property,

8. For other necessary and proper damages to be established at trial.


DATED January 31, 2024

                                                       CHRISTENSEN YOUNG & ASSOCIATES

                                                       */s/ Cameron S. Christensen*
                                                       Cameron S. Christensen

Steven A. Christensen
Attorneys for Plaintiff

## **VERIFICATION**

STATE OF UTAH            )
                         ): SS
COUNTY OF SALT LAKE )

I, Joseph Cardenas, Owner of J&I Maintenance, Inc hereby declare that I have read the foregoing Verified Complaint, and further declare under penalty of perjury that all allegations and statements contained herein are true and accurate to the best of my knowledge, information, and belief, and as to those matters alleged upon information and belief, I believe them to be true.

Signed: _____                                      Date: 1/16/24
Joseph Cardenas, Owner of J&I Maintenance


SUBSCRIBED and SWORN before me this ____ day of January, 2024.

See CA Jurat attached.

_____
Notary Public

16

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**  GOVERNMENT CODE § 8202

☑ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____      _____
Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Kern

Subscribed and sworn to (or affirmed) before me on this 16th day of January, 2024, by

(1) Joseph Cardenas

(and (2) _____ ),
Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature ___Nicole Kitchen___
Signature of Notary Public

[Seal: NICOLE KITCHEN, Notary Public - California, Kern County, Commission # 2447942, My Comm. Expires Jun 23, 2027]

Seal
Place Notary Seal Above

———————— **OPTIONAL** ————————

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: Verification    Document Date: 1-16-24
Number of Pages: 2    Signer(s) Other Than Named Above: N/A

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5910