UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| J&I MAINTENANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> J&I MAINTENANCE LLC; JERRY RODRIDUGEZ; and ANA RODRIGUEZ, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENA TO JOSEPH CARDENAS (DOC. NO. 25)** <br><br> Case No. 2:24-cv-00085 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

In this trademark infringement action, plaintiff J&I Maintenance, Inc. ("J&I Inc.") moves to quash a subpoena issued by defendants J&I Maintenance LLC ("J&I LLC"), Jerry Rodriguez, and Ana Rodriguez to J&I Inc.'s purported owner, Joseph Cardenas.[1] J&I LLC opposes the motion.[2] For the reasons stated at the hearing on March 3, 2025[3] and explained below, the motion is granted in part and denied in part.

---

[1] (Mot. to Quash Subpoena to Joseph Cardenas ("Mot."), Doc. No. 25.)

[2] (*See* Def. and Counterclaimant J&I Maintenance LLC's Resp. in Opp'n to Pl. J&I Maintenance, Inc.'s Mot. to Quash Subpoena to Joseph Cardenas ("Opp'n"), Doc. No. 28.)

[3] (*See* Min. Entry, Doc. No. 32.)

1

BACKGROUND

J&I Inc. is a business that provides cleaning services to grocery stores.[4] According to the complaint, J&I Inc. began operating in 2006 and has been solely owned by Mr. Cardenas since its inception.[5] J&I Inc. alleges two former employees (siblings Jerry and Ana Rodriguez) formed a competing business (J&I LLC) in 2022 for the purpose of competing with J&I Inc., confusing its customers, and taking its clients.[6] J&I Inc. brought this action against Jerry Rodriguez, Ana Rodriguez, and J&I LLC, asserting claims including trademark infringement, unfair competition, conversion, intentional interference with economic relations, and intentional interference with contractual relations.[7]

The defendants filed answers denying many of J&I Inc.'s allegations (including the allegation that Mr. Cardenas is J&I Inc.'s sole owner) and asserting affirmative defenses including setoff, unclean hands, and estoppel.[8] J&I LLC also brought counterclaims for declaratory judgment of noninfringement and "abandonment/ownership of mark."[9]

---

[4] (Compl. ¶ 11, Doc. No. 1.)

[5] (*Id.* ¶¶ 8–9.)

[6] (*See id.* ¶¶ 17, 24.)

[7] (*Id.* at pp. 5–14.)

[8] (Answer of J&I Maintenance LLC to Pl.'s Compl. and Countercls., Doc. No. 16; Answer of Jerry Rodriguez to Pl.'s Compl., Doc. No. 17; Answer of Ana Rodriguez to Pl.'s Compl., Doc. No. 18.)

[9] (Answer of J&I Maintenance LLC to Pl.'s Compl. and Countercls. 25–26, Doc. No. 16.)

The defendants served the subpoena at issue on Mr. Cardenas on December 26, 2024 (after first providing notice of the subpoena to J&I Inc.).[10] In the subpoena, J&I LLC requests fifty-eight categories of documents from Mr. Cardenas, with a compliance deadline of January 21, 2025.[11] J&I Inc. filed the instant motion to quash the day before this deadline.[12] Mr. Cardenas served objections to the subpoena on January 21 but did not move to quash it.[13] Separately, J&I LLC propounded forty-four requests for production ("RFPs") to J&I Inc.,[14] and J&I Inc. has responded to the RFPs.[15] The scheduling order limits the number of RFPs by any party to any party to fifty.[16]

## APPLICABLE LAW

Rule 45 of the Federal Rules of Civil Procedure establishes the standards for quashing subpoenas. The court must quash or modify a subpoena which "fails to allow a reasonable time to comply"; "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; "requires disclosure of privileged or other protected

---

[10] (*See* Ex. C to Opp'n, Decl. of Brendon K. Barton ("Barton Decl.") ¶¶ 2–3, Doc. No. 28-3.)

[11] (*See* Ex. B to Mot., Subpoena, Doc. No. 25 at 35–50.)

[12] (Mot., Doc. No. 25.)

[13] (*See* Ex. 3 to Opp'n, Barton Decl. ¶ 5, Doc. No. 28-3.)

[14] (*See* Ex. A to Mot., "RFPs," Doc. No. 25 at 10–34.)

[15] (*See* Ex. 6 to Opp'n, "RFP Resps.," Doc. No. 28-3 at 49–71.)

[16] (Scheduling Order, Doc. No. 24.)

matter, if no exception or waiver applies"; or "subjects a person to undue burden."[17] Additionally, Rule 26(b) governs the scope of discovery under subpoenas.[18] Under Rule 26(b), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case."[19]

Generally, "a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[20] And courts have quashed or declined to enforce Rule 45 subpoenas used to "circumvent[] the requirements and protections of Rule 34 for the production of documents belonging to a party."[21] Additionally, Rule 26(b)(2)(C) provides:

---

[17] Fed. R. Civ. P. 45(d)(3)(A).

[18] *See Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) ("[W]hile Rule 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." (second and third alterations in original) (internal quotation marks omitted)).

[19] Fed. R. Civ. P. 26(b)(1).

[20] *Johnson v. USANA Health Scis.*, No. 2:17-cv-00652, 2019 U.S. Dist. LEXIS 198814, at *6 (D. Utah Nov. 15, 2019) (unpublished) (citation omitted).

[21] *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016) (quashing a subpoena to a party's accountant for the party's financial records where the subpoena was served after the deadline for serving Rule 34 requests for production); *see also Ramey v. Cmty. State Bank*, No. 17-CV-370, 2018 U.S. Dist. LEXIS 247304, at *2–3 (N.D. Okla. Aug. 7, 2018) (unpublished) ("[A] party cannot secure documents from an opposing party by serving a deposition subpoena duces tecum on an employee of the opposing party commanding production of the party's documents at the deposition unless the provisions of Rule 34 . . . are followed.").

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[22]

## ANALYSIS

J&I Inc. argues the subpoena to Mr. Cardenas must be quashed because it circumvents the numerical limitations in the scheduling order, unduly burdens a nonparty, and seeks irrelevant, private information from Mr. Cardenas.[23] J&I Inc. notes many of the subpoena requests are identical to the RFPs sent to J&I Inc., and they seek J&I Inc.'s records (not Mr. Cardenas')—but the number of requests exceeds the number of RFPs that could be served on a party under the scheduling order.[24] J&I Inc. argues its records should be obtained via RFPs, not through a subpoena to its owner.[25] J&I Inc. also argues requests for records related to Mr. Cardenas' divorce, personal finances, and criminal history are irrelevant.[26]

In opposition, J&I LLC argues J&I Inc. lacks standing to move to quash the subpoena or to object based on undue burden, relevance, or Mr. Cardenas' privacy

---

[22] Fed. R. Civ. P. 26(b)(2)(C).

[23] (Mot., Doc. No. 25.)

[24] (*Id.* at 4–6.)

[25] (*Id.* at 5.)

[26] (*Id.* at 6–7.)

interests.[27] J&I LLC also asserts Mr. Cardenas' untimely objection to the subpoena constitutes waiver.[28] As to the merits, J&I LLC argues the subpoena requests are relevant to disputed issues including whether Mr. Cardenas owns J&I Inc.; affirmative defenses such as unclean hands, estoppel, and setoff; abandonment of the mark; and Mr. Cardenas' credibility as a witness.[29] J&I LLC argues the requests are proportional where Mr. Cardenas is not merely a disinterested nonparty, but the purported owner of J&I Inc. and a key witness in this case.[30] To the extent the subpoena requests overlap with RFPs, J&I LLC argues J&I Inc.'s responses to the RFPs were inadequate.[31]

As a threshold matter, J&I Inc. has standing to move to quash the subpoena, where many of the subpoenaed documents are J&I Inc.'s own records. Further, the court has an independent obligation to limit discovery which is unreasonably duplicative, can be obtained more conveniently from another source, or exceeds the scope of discovery under Rule 26(b)(1).[32] And although J&I LLC contends Mr. Cardenas failed to timely object, there is no allegation that J&I Inc.'s motion is untimely. Accordingly, J&I Inc.'s challenges to the subpoena are addressed on the merits. Various categories of requests are addressed in turn.

---

[27] (Opp'n 4–6, Doc. No. 28.)

[28] (*Id.* at 5 n.1.)

[29] (*See id.* at 2.)

[30] (*See id.*)

[31] (*See id.* at 9–10.)

[32] *See* Fed. R. Civ. P. 26(b)(2)(C).

<u>Requests 1, 2, 5, 7–10, 17–20, 22, 23, 26–29, 35, 37, 52, and 53</u> seek J&I Inc.'s records and are identical to RFPs issued to J&I Inc. Issuing a subpoena to Mr. Cardenas for these records is unreasonably duplicative and improperly circumvents Rule 34 and the limitations set forth in the scheduling order. J&I LLC's argument that J&I Inc.'s RFP responses were inadequate is unavailing; inadequate responses should be addressed in a motion to compel. These subpoena requests are quashed.

<u>Requests 4, 12–16, 21, 24, 25, and 30–33</u> are similar or identical to RFPs issued to J&I Inc., but they do not solely request J&I Inc.'s records. They also seek documents which Mr. Cardenas may separately possess.[33] To the extent these requests seek J&I Inc.'s records, they are quashed for the reasons explained above. But to the extent they seek Mr. Cardenas' separate records, they are permissible, and Mr. Cardenas must respond.

At the hearing, J&I Inc. argued requests 21, 30, 31, and 33 are irrelevant. These requests seek documents relating to Mr. Cardenas' ownership interest in J&I Inc.; money he invested in J&I Inc.; identities of others who invested in or provided capital to J&I Inc.; and identities of J&I Inc.'s officers and directors. But J&I Inc. did not move to quash request 42, which seeks documents and communications relating to any disclosure by Mr. Cardenas of his ownership interest in J&I Inc. Where J&I Inc.'s allegations about its ownership in the complaint are disputed, and J&I Inc. does not

---

[33] For example, many of these requests seeks documents from or relating to J&I Inc. "and/or" Mr. Cardenas. (*See, e.g.*, Ex. B to Mot., Subpoena Req. No. 4, Doc. No. 25 at 38.)

challenge request 42 addressing this topic, requests 21, 30, 31, and 33 are permissible. They are relevant to the disputed allegation of ownership and control of J&I Inc. and not so broad as to be disproportionate to the needs of the case.[34] To the extent these requests seek Mr. Cardenas' separate records, he must respond.

Request 55 seeks communications with J&I Inc.'s bookkeepers and accountants, and it does not correspond to any RFP. To the extent this request seeks J&I Inc.'s records, such records can be obtained more conveniently from J&I Inc. directly, via an RFP under Rule 34. At the hearing, J&I LLC explained it is also seeking Mr. Cardenas' communications regarding his personal taxes and finances, and those of other businesses he runs. But such communications are not relevant to the claims and defenses in this trademark infringement case. Accordingly, request 55 is quashed.

Requests 38, 39, 40, 41, and 43 seek documents relating to Mr. Cardenas' 2009 divorce from Maria Rodriguez (the sister of defendants Ana and Jerry Rodriguez)—including "[a]ll [d]ocuments related in any way to [the] divorce."[35] In its opposition to the motion to quash, J&I LLC asserts Mr. Cardenas did not list his ownership interest in J&I

---

[34] As J&I LLC acknowledged at the hearing, the defendants have not asserted counterclaims related to J&I Inc.'s ownership. J&I LLC suggested such claims might be brought in the future, but parties "have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings." *Gatti v. Granger Med. Clinic, P.C.*, No. 2:19-cv-00028, 2019 U.S. Dist. LEXIS 202299, at *5 (D. Utah Nov. 20, 2019) (unpublished) (citation omitted). The ownership issue is only tangentially relevant (if at all) to the existing claims and defenses. Nevertheless, where J&I Inc. did not challenge request 42 on this topic, other reasonably related requests are permitted.

[35] (Ex. B to Mot., Subpoena Req. No. 38, Doc. No. 25 at 44.)

Inc. as an asset in his divorce papers, and it contends this may have some bearing on his current claim of ownership.[36] But this does not render a request for *all* divorce documents relevant and proportional. The ownership issue is adequately addressed by request 21 (seeking documents evidencing Mr. Cardenas' ownership interest "at any time") and request 42 (seeking documents relating to Mr. Cardenas' disclosure of his ownership interest "at any time").[37] Requests 38, 39, 40, 41, 43 are duplicative to the extent they overlap with requests 21 and 42, and they are irrelevant, overbroad, and disproportionate to the extent they seek other documents from the divorce. Accordingly, these requests are quashed.

Requests 6, 34, 36, 48, and 58 seek Mr. Cardenas' personal bank records, bank statements, tax returns, licenses, and documents related to any trucks he purchased. These records are irrelevant to this trademark infringement dispute. J&I LLC argues these records relate to affirmative defenses such as unclean hands, alleging Mr. Cardenas has misappropriated funds and assets from J&I Inc.[38] But "unclean hands will bar recovery for trademark infringement only if the inequitable conduct is related to the plaintiff's cause of action," meaning the plaintiff "acted inequitably toward the defendant *in relation to the trademark*."[39] J&I LLC fails to explain how the alleged

---

[36] (Opp'n 6–7, Doc. No. 28.)

[37] (Ex. B to Mot., Subpoena Req. Nos. 21, 42, Doc. No. 25 at 41, 45.)

[38] (*See* Opp'n 7, Doc. No. 28.)

[39] *1-800 Contacts, Inc. v. Lens.Com, Inc.*, 722 F.3d 1229, 1255 (10th Cir. 2013) (internal quotation marks and citations omitted).

misconduct relates to the specific trademark claims (or other business tort claims) in this case.  At the hearing, J&I LLC argued Mr. Cardenas' financial records would show whether he draws a salary from J&I Inc. (for purposes of determining whether it is still operating and using the mark), but it conceded such information could be obtained from J&I Inc.'s own records via RFPs.  Issuing a subpoena to Mr. Cardenas for essentially *all* personal financial records from his entire life is vastly disproportionate the needs of the case.  These requests are quashed.

Request 47 seeks "[a]ll [d]ocuments that evidence or relate to any felony for which [Mr. Cardenas] [has] been convicted in any jurisdiction, including, but not limited to, California and Utah."[40]  J&I LLC argues these records are relevant to impeachment because Mr. Cardenas is a key witness who will testify at trial.[41]  J&I LLC notes Rule 609 of the Federal Rules of Evidence provides that evidence of a criminal conviction may be admitted to attack a witness's character for truthfulness in certain circumstances.[42]  But the request for "all documents that evidence or relate to" any felony conviction at any time exceeds the scope of Rule 609 and is overbroad and disproportionate.  This request is quashed.

Requests 45, 46, 49–51, 54, 56, and 57 seek documents related to Mr. Cardenas' withdrawals from J&I Inc.'s bank accounts; his use of withdrawn funds; his

---

[40] (Ex. B to Mot., Subpoena Req. No. 47, Doc. No. 27 at 45.)

[41] (Opp'n 8, Doc. No. 28.)

[42] (*Id.*); *see also* Fed. R. Evid. 609.

commingling of funds with another business or himself; any assets taken from J&I Inc.; his efforts to respond to litigation on J&I Inc.'s behalf; and his purchase of a specific vehicle though J&I Inc. As with the requests related to Mr. Cardenas' personal finances, J&I LLC argues these records are relevant to its unclean hands defense because Mr. Cardenas is misappropriating funds and assets from J&I Inc.[43] But as explained above, J&I LLC fails to articulate a connection between this alleged misconduct and the specific trademark and business tort claims in this case. At the hearing, J&I LLC argued these records were also relevant to show whether J&I Inc. is still operating and using the mark. But such information can more readily be obtained via RFPs to J&I Inc. for its financial records. Indeed, J&I LLC has already requested J&I Inc.'s financial records via RFPs.[44] In sum, the information sought in these subpoena requests is either duplicative of RFPs, better obtained from J&I Inc., or irrelevant and disproportionate. Accordingly, these requests are quashed.

Request 44 seeks documents evidencing Mr. Cardenas' denial or disavowal of ownership interest in J&I Inc. At the hearing, J&I Inc. conceded this request is essentially the inverse of request 42 (which it does not seek to quash) and withdrew the challenge to it. Accordingly, the motion is denied as to request 44 and Mr. Cardenas must respond.

---

[43] (*See* Opp'n 7, Doc. No. 28.)

[44] (*See, e.g.*, Ex. A to Mot., RFP No. 21 (revenue and profits from sales of products and services using the mark), RFP No. 29 (profit and loss statements, accounting ledgers, and financial statements), Doc. No. 25 at 22–23.)

CONCLUSION

The motion to quash[45] is granted in part and denied in part, and the subpoena is modified as follows:

1)  The motion is granted and the subpoena is quashed as to the following requests: **1, 2, 5–10, 17–20, 22, 23, 26–29, 34–41, 43, and 45–58**.

2)  The motion is granted in part and denied in part as to requests **4, 12–16, 21, 24, 25, and 30–33**. The subpoena is quashed to the extent these requests seek J&I Inc.'s records, but Mr. Cardenas must provide any responsive documents he separately possesses.

3)  The motion is denied as to request **44**, and the motion does not seek to quash requests **3, 11, and 42**. Mr. Cardenas must respond to these requests.

4)  The compliance deadline is extended to March 17, 2025.

DATED this 7th day of March, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[45] (Doc. No. 25.)