UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| J&I MAINTENANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> J&I MAINTENANCE LLC; JERRY RODRIDUGEZ; and ANA RODRIGUEZ, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART J&I MAINTENANCE LLC'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION AND PRODUCTION (DOC. NO. 36)** <br><br> Case No. 2:24-cv-00085 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

J&I Maintenance, Inc. (J&I Inc.) is a business that provides cleaning services to grocery stores.[1] According to the complaint, J&I Inc. began operating in 2006 and has been solely owned by Joseph Cardenas since its inception.[2] J&I Inc. alleges two former employees (siblings, Jerry and Ana Rodriguez) formed J&I Maintenance LLC (J&I LLC) in 2022 for the purpose of competing with J&I Inc., confusing its customers, and taking its clients.[3] J&I Inc. brought this action against Jerry and Ana Rodriguez and J&I LLC, asserting claims including trademark infringement, unfair competition, conversion, and

---

[1] (Compl. ¶ 11, Doc. No. 1.)

[2] (*Id.* ¶¶ 8–9.)

[3] (*See id.* ¶¶ 17, 24.)

intentional interference with economic and contractual relations.[4] The defendants denied many of J&I Inc.'s allegations and asserted affirmative defenses including setoff, unclean hands, and estoppel.[5] J&I LLC also brought counterclaims for declaratory judgment of noninfringement and "abandonment/ownership of mark."[6]

    J&I LLC now moves to compel J&I Inc. to provide supplemental responses to requests for admission (RFAs) and requests for production (RFPs).[7] J&I Inc. opposes the motion.[8] As explained below, the motion is granted in part and denied in part.[9] J&I Inc. must serve amended responses to all the RFAs at issue (RFAs 3, 4, 8, 11, 13, 16, 17, 19, 20, 21, and 22). And J&I Inc. must serve supplemental responses and produce responsive documents for RFPs 45 through 48. But the motion is denied as to RFP 50.

---

[4] (*Id.* at pp. 5–14.)

[5] (Answer of J&I Maintenance LLC to Pl.'s Compl. and Countercls., Doc. No. 17; Answer of Jerry Rodriguez to Pl.'s Compl., Doc. No. 18; Answer of Ana Rodriguez to Pl.'s Compl., Doc. No. 19.)

[6] (Answer of J&I Maintenance LLC to Pl.'s Compl. and Countercls. 25–26, Doc. No. 17.)

[7] (Def. and Counterclaimant J&I Maintenance LLC's Short-Form Mot. to Compel Further Resps. from Pl. J&I Maintenance, Inc. to Reqs. for Admis. (Set One) and Reqs. for Produc. (Set Three) (Mot.), Doc. No. 36.)

[8] (Opp'n to Mot. to Compel (Opp'n), Doc. No. 37.)

[9] The motion is overlength and includes a request for overlength briefing. (*See* Mot. 2, Doc. No. 36.) The opposition is also overlength. (Opp'n, Doc. No. 37.) Both parties are allowed overlength briefing as filed.

**ANALYSIS**

A. <u>Requests for Admission</u>

J&I LLC seeks to compel amended answers to RFAs 3, 4, 8, 11, 13, 16, 17, 19, 20, 21, and 22.[10] The motion is granted as to all the disputed RFAs.

Under Rule 36 of the Federal Rules of Civil Procedure, a party may serve requests to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."[11] "If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it."[12] "A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."[13] "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."[14] If a court finds a party's answer does not comply with this rule, "the court may order either that the matter is admitted or that an amended answer be served."[15]

---

[10] (Mot. 2, 4–10, Doc. No. 36.)

[11] Fed. R. Civ. P. 36(a)(1).

[12] Fed. R. Civ. P. 36(a)(4).

[13] *Id.*

[14] *Id.*

[15] Fed. R. Civ. P. 36(a)(6).

Responses to requests for admission should be "forthright, specific, and unconditional."[16] "An evasive response that fails to specifically deny the matter or set forth in detail the 'reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission.'"[17] But the plain language of Rule 36 "does not require a party denying in full a request to admit to explain its denial."[18] Thus, "use of only the word 'denied' is often sufficient under the rule."[19] "Typically, a party qualifies or explains its answer only when it is denying part of the request and admitting or objecting to the remainder."[20]

J&I LLC contends J&I Inc.'s responses to the disputed RFAs are unclear, evasive, and fail to address the substance of the requests.[21] In opposition, J&I Inc. argues its responses are adequate because they go beyond a simple "admit" or "deny" and clearly explain its position.[22] J&I Inc. also suggests the requests are improper because they "attempt[] to establish that after Defendants took everything from [J&I Inc.'s] business, that [J&I Inc.] was somehow in the wrong by being unable to use what

---

[16] *Brentwood Equities, Inc. v. Taco Maker, Inc.*, No. 1:15-cv-00029, 2015 U.S. Dist. LEXIS 138100, at *3–4 (D. Utah Oct. 7, 2015) (unpublished) (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2260 (3d ed. 2010)).

[17] *Id.* at *4 (quoting *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1245 (9th Cir. 1981)).

[18] *N.U. v. Wal-Mart Stores, Inc.*, No. 15-4885, 2017 U.S. Dist. LEXIS 53074, at *4 (D. Kan. Apr. 5, 2017) (unpublished).

[19] *Id.* (citation omitted).

[20] *Id.*

[21] (Mot. 3, Doc. No. 36.)

[22] (Opp'n 3, Doc. No. 37.)

had just been taken."[23]  J&I Inc. argues "[t]his conduct is shocking and should not be tolerated or rewarded."[24]

As an initial matter, J&I Inc.'s disagreement with the merits of J&I LLC's defenses and counterclaims does not excuse it from responding to discovery relevant to those defenses and counterclaims.  Rule 26(b)(1) of the Federal Rules of Civil Procedure allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[25]  Regardless of whether J&I Inc. finds J&I LLC's abandonment counterclaim "shocking," J&I Inc. must fully respond to discovery requests relevant to it (and to any other claims or defenses).  Further, in its discovery responses, J&I Inc. did not object to any of the RFAs at issue.  Accordingly, any relevance objection is waived.[26]

J&I LLC's responses to the RFAs at issue are insufficient under Rule 36.  Each request is addressed in turn.

**RFA 3** states: "Admit that, following the departure of Jerry and Ana Rodriguez from J&I Maintenance, Inc., You [J&I Inc.] have not used the J&I Maintenance Mark in

---

[23] (*Id.*)

[24] (*Id.*)

[25] Fed. R. Civ. P. 26(b)(1).

[26] *See* Fed. R. Civ. P. 36(a)(5) ("The grounds for objecting to a request must be stated."); *see also Kelatron v. Marlyn Nutraceuticals*, No. 1:12-cv-00124, 2013 U.S. Dist. LEXIS 119590, at *12 (D. Utah Aug. 21, 2013) (unpublished) (finding a party waived objections not asserted in the party's initial response to requests to admission).

commerce."[27]  J&I Inc. responded: "Deny. The mark has been used in commerce as has been [sic]."[28]

In its opposition, J&I Inc. states this was a typographical error and the answer should have stated: "Deny.  The mark has been used in commerce as has been *explained*."[29]  As J&I Inc. explains, its "position is (1) that it has continued to attempt to use the mark in commerce (albeit unsuccessfully) and (2) that the mark has wrongfully been used in commerce by Defendants."[30]

J&I Inc.'s answer to RFA 3 is unclear due to the typographical error.  To the extent J&I Inc. seeks to correct or clarify its answer in the opposition, J&I Inc. must serve an amended answer with these corrections.  The amended answer must respond to the substance of RFA 3, which seeks an admission that *J&I Inc.* has not used the mark in commerce during the stated timeframe.  (J&I Inc.'s statements in the opposition addressing whether others have used the mark are nonresponsive.)

**RFA 4** states: "Admit that, following the departure of Jerry and Ana Rodriguez from J&I Maintenance, Inc., Plaintiff has not had any employees or active contractors."[31]  J&I Inc. responded: "Admit that because Jerry and Ana Rodriguez misdirected company contracts to J&I Maintenance, LLC, Plaintiff's business opportunities were decimated.

---

[27] (Ex. C to Mot., Pl.'s Resps. to RFAs and RFPs (Pl.'s Resps.) 6, Doc. No. 36-3.)

[28] (*Id.*)

[29] (Opp'n 3, Doc. No. 37.)

[30] (*Id.*)

[31] (Ex. C to Mot., Pl.'s Resps. 6, Doc. No. 36-3.)

Upon information and belief, J&I Maintenance, Inc[.]'s employees and contractors were misdirected to the LLC's service."[32]

J&I Inc.'s answer to RFA 4 is nonresponsive. J&I Inc.'s admission that its "business opportunities were decimated" does not address the substance of the request—whether J&I Inc. has had any employees or active contractors following the departure of Jerry and Ana Rodriguez. J&I Inc. must amend its answer to respond to the substance of RFA 4.

**RFA 8** states: "Admit that, subsequent to the formation of the LLC, Plaintiff has not generated any revenue using the J&I Maintenance Mark."[33] J&I Inc. responded:

> Admit in part and Deny in part. Admit that Jerry and Ana shut down Plaintiff's email address and had new contracts signed using the J&I Maintenance Mark in a confusing and misleading LLC. This concentrated effort cut off the funds for Plaintiff and the sources of communication with Plaintiff's clients. Defendant's wrongful actions have included using the J&I Maintenance Mark to make significant amounts of money.[34]

J&I Inc.'s answer to RFA 8 is nonresponsive. Although it states the request is admitted in part and denied in part, the answer does not "specify the part admitted and qualify or deny the rest."[35] The explanation provided does not address the substance of the request—whether J&I Inc. has generated revenue using the mark after the formation

---

[32] (*Id.*)

[33] (*Id.* at 7.)

[34] (*Id.*)

[35] Fed. R. Civ. P. 36(a)(4).

of J&I LLC.[36]  J&I Inc. must amend its answer to respond to the substance of RFA 8, including specifying which portions are admitted or denied.

**RFAs 11, 21, and 22.**  RFA 11 states: "Admit that, subsequent to the formation of the LLC, Plaintiff has not had any employees or active contractors."[37]  RFA 21 states: "Admit that Plaintiff has not had any employees at any time from April 30, 2023 to the present."[38]  RFA 22 states: "Admit that Plaintiff has not had any active contractors at any time from April 30, 2023 to the present."[39]  J&I Inc. gave identical responses to these requests, stating:

> Admit in part and deny in part.  Due to Defendant's wrongful actions, Plaintiff's employees and contractors were apparently transferred to the LLC, and Ana locked Joseph out of communications.  Admit that there have not been contractors or employees that Plaintiff has communicated with since they were directed to the LLC, unless Defendants continued to contact the employees through the corporation after locking Joseph out.  Deny any insinuation that Defendant's actions in misdirecting contracts, employees, communications, and/or documents to the LLC is an evidence of an abandonment of the Mark.[40]

This answer does not fully respond to RFAs 11, 21, and 22.  The admission that "there have not been contractors or employees that Plaintiff has communicated with

---

[36] In its opposition, J&I Inc. argues its response is adequate because it "addresses the issue of revenue" and "explains that revenue was being generated by use of the Mark" through Defendants' misuse. (Opp'n 4, Doc. No. 37.)  But RFA 8 specifically requests an admission that "*Plaintiff* [J&I Inc.] has not generated any revenue" using the mark— not whether others have generated revenue using the mark.  (Ex. C to Mot., Pl.'s Resps. 7, Doc. No. 36-3 (emphasis added).)  J&I Inc.'s answer does not address this.

[37] (Ex. C to Mot., Pl.'s Resps. 8, Doc. No. 36-3.)

[38] (*Id.* at 10.)

[39] (*Id.* at 11.)

[40] (*Id.* at 8, 11.)

since they were directed to the LLC" is responsive—but this only addresses contractors or employees who were "directed to the LLC." The answer does not address whether J&I Inc. has had other employees or active contractors during the stated periods. Further, J&I Inc.'s statement that it "den[ies] any insinuation that Defendant's actions in misdirecting contracts, employees, communications, and/or documents to the LLC is an evidence of an abandonment of the Mark" is nonresponsive to the substance of the requests. As a result, it is unclear which portion of the actual requests J&I Inc. denies. J&I Inc. must amend its answers to fully respond to the substance of RFAs 11, 21 and 22, including specifying which portions are admitted or denied.

**RFA 13** states: "Admit that Plaintiff has performed no services for entities other than the Kroger Company and Smith & Edwards at any time from 2022 to the present."[41] J&I Inc. responded:

> Admit in part and deny in part. Admit that Kroger and Smith & Edwards were Plaintiff's clients. Defendants used Plaintiff's trademark to obtain all of the contracts from Plaintiff, leaving Plaintiff with no business to continue. Deny that the inability to continue business due to Defendant's wrongful actions is in any way an indication of abandonment of Plaintiff's trademark.[42]

J&I Inc.'s answer to RFA 13 is nonresponsive. It does not address whether J&I Inc. has performed services for entities other than the Kroger Company and Smith & Edwards during the stated timeframe. J&I Inc. must amend its answer to respond to the substance of RFA 13, including specifying which portions are admitted or denied.

---

[41] (*Id.* at 8.)

[42] (*Id.*)

**RFAs 16 and 17.** RFA 16 states: "Admit that Plaintiff has not entered into a contract for janitorial services at any time from April 30, 2023 to the present."[43] RFA 17 states: "Admit that Plaintiff has performed no janitorial services from April 30, 2023 to the present."[44] J&I Inc. provided identical responses, stating: "Admit in part and deny in part. Admit that the Contracts using the J&I Maintenance Mark have all been wrongfully signed [sic] to Defendants. Deny that the inability to continue business due to Defendant's wrongful actions is in any way an indication of abandonment of Plaintiff's trademark."[45]

J&I Inc.'s answers to RFAs 16 and 17 are nonresponsive. The answers do not address whether J&I Inc. has entered into a janitorial services contract or performed janitorial services during the stated timeframe. J&I Inc. must amend its answers to respond to the substance of RFAs 16 and 17, including specifying which portions are admitted or denied.

**RFA 19** states: "Admit that Plaintiff has not sold any goods or services using the J&I Maintenance Mark at any time from April 30, 2023 to the present."[46] J&I Inc. responded:

> Admit in part and deny in part. Admit that the Contracts using the J&I Maintenance Mark have all been wrongfully signed [sic] to Defendants, rendering it extremely difficult to sell goods or services as Plaintiff once did. Deny that the inability to continue business due to Defendant's wrongful

---

[43] (*Id.* at 9.)

[44] (*Id.*)

[45] (*Id.* at 9–10.)

[46] (*Id.* at 10.)

actions is in any way an indication of abandonment of Plaintiff's trademark.[47]

J&I Inc.'s answer to RFA 19 is nonresponsive. It does not address whether J&I Inc. has sold any goods or services using the mark during the stated timeframe. J&I Inc. must amend its answer to respond to the substance of RFA 19, including specifying which portions are admitted or denied.

**RFA 20** states: "Admit that Plaintiff has not used the J&I Maintenance Mark in commerce at any time from April 30, 2023 to the present."[48] J&I Inc. responded: "Admit in part and deny in part. Admit that the Contracts using the J&I Maintenance Mark have all been wrongfully signed [sic] to Defendants. Deny that the inability to continue business due to Defendant's wrongful actions is in any way an indication of abandonment of Plaintiff's trademark."[49]

J&I Inc.'s answer to RFA 20 is nonresponsive. It does not address whether J&I Inc. has used the mark in commerce during the stated timeframe. J&I Inc. must amend its answer to respond to the substance of RFA 20, including specifying which portions are admitted or denied.

B. Requests for Production

J&I LLC next argues J&I Inc.'s responses to RFPs 45 through 48 and 50 are deficient, and it seeks to compel supplemental responses and production.[50] As

---

[47] (*Id.*)

[48] (*Id.*)

[49] (*Id.*) This answer is identical to the answers to RFAs 16 and 17.

[50] (Mot. 10–16, Doc. No. 36.)

explained below, the motion is granted in part and denied in part as RFP 45; granted as to RFPs 46, 47, and 48; and denied as to RFP 50.

Under Rule 34, a party may request production of documents or electronically stored information "in the responding party's possession, custody, or control."[51] The request "must describe with reasonable particularity each item or category of items" to be produced.[52] In responding to the requests, "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."[53] And "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection."[54] "An objection to part of a request must specify the part and permit inspection of the rest."[55] Unless otherwise stipulated or ordered, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request."[56]

**RFP 45** seeks "[a]ll Documents that support Your denial, if any, of any request for admission served on [J&I Inc.]"[57] J&I Inc. responded: "See documents provided in this

---

[51] Fed. R. Civ. P. 34(a)(1).

[52] Fed. R. Civ. P. 34(b)(1)(A).

[53] Fed. R. Civ. P. 34(b)(2)(B).

[54] Fed. R. Civ. P. 34(b)(2)(C).

[55] *Id.*

[56] Fed. R. Civ. P. 34(b)(2)(E)(i).

[57] (Ex. C to Mot., Pl.'s Resps. 4, Doc. No. 36-3.)

case."[58]  J&I LLC contends this response is deficient because J&I Inc. produced no new documents in connection with this response, and J&I Inc. did not produce its previous documents as they were kept in the usual course of business.[59]  J&I LLC argues J&I Inc. must identify responsive documents by Bates number—including specifying which documents correspond to each denied request for admission.[60]  In opposition, J&I Inc. argues the motion improperly seeks an interrogatory answer in response to an RFP, and this level of specificity is not required under Rule 34.[61]

The motion is granted in part and denied in part as to RFP 45.  J&I Inc. does not contend it produced documents as they were kept in the usual course of business; therefore, it must "organize and label them to correspond to the categories in the request."[62]  Courts applying this rule have required parties to identify by Bates number which documents are being produced in response to each separate, numbered RFP.[63]

---

[58] (*Id.*)

[59] (Mot. 11, Doc. No. 36.)

[60] (*Id.* at 11–12.)

[61] (Opp'n 7–8, Doc. No. 37.)

[62] Fed. R. Civ. P. 34(b)(2)(E)(i).

[63] *See, e.g.*, *Richards v. Convergys Corp.*, Nos. 2:05-cv-00790 & 2:05-cv-00812, 2006 U.S. Dist. LEXIS 63567, at *12 (D. Utah Sept. 5, 2006) (unpublished) (finding, if a party does not produce documents as they are kept in the ordinary course of business, "it is appropriate to require the party to 'identify, by the Bates Numbers already stamped on the documents, which documents are responsive to each of the document requests'" (citation modified) (quoting *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 618–19 (D. Kan. 2005))); *White v. Wiseman*, No. 2:16-cv-01179, 2020 U.S. Dist. LEXIS 119121, at *7 (D. Utah July 6, 2020) (unpublished) ("The production of documents shall be Bates stamped and indexed to identify . . . which documents are responsive to which requests.").

But J&I LLC seeks more—it asks J&I Inc. to identify *subcategories* of documents responsive to RFP 45, by specifying which documents correspond to each of the underlying, denied RFAs. J&I LLC has not cited any authority requiring this level of specificity in responding to an RFP. Instead, the information J&I LLC seeks is better suited to a Rule 33 interrogatory.

Nevertheless, J&I Inc.'s response is deficient because it refers generally to "documents provided in this case" without identifying which documents are responsive to RFP 45.[64] Accordingly, J&I Inc. must supplement its response to identify, by Bates number, which documents are responsive to RFP 45.

**RFP 46** seeks "[a]ll Documents that constitute or evidence any contract, whether oral or written, into which You have entered at any time between January 2023 and the present."[65] J&I Inc. responded: "Upon information and belief, Defendants are in possession of such contracts, including settlement contracts that Defendants entered into with Plaintiff's insurance company."[66]

J&I LLC argues this response is deficient because it is unclear whether there are responsive documents other than those mentioned in the response.[67] J&I LLC also argues J&I Inc. must produce all responsive documents in its possession, regardless of

---

[64] *See Webb v. Padilla*, No. CIV 08-0411, 2009 U.S. Dist. LEXIS 154159, at *10–11 (D.N.M. Mar. 30, 2009) (unpublished) ("Simply stating that all responsive documents have been produced, without demonstrating that the responsive documents were produced as they are kept in the usual course of business or organizing and labeling to correspond to the request, fails to meet [the Rule 34] standard.").

[65] (Ex. C to Mot., Pl.'s Resps. 4, Doc. No. 36-3.)

[66] (*Id.*)

[67] (Mot. 13, Doc. No. 36.)

14

whether it believes J&I LLC already possesses them.[68]  In opposition, J&I Inc. asserts Defendants are conducting lawsuits in its name and entering into contracts without its knowledge.[69]

The motion is granted as to RFP 46.  J&I Inc.'s arguments go the merits of the case; they do not excuse J&I Inc. from responding to discovery.  J&I Inc. must produce all documents responsive to RFP 46 in its possession, custody, or control, regardless of whether it believes J&I LLC already has them.[70]  If J&I Inc. does not possess any responsive documents, it must state this in its supplemental response.  If J&I Inc. previously produced responsive documents, it need not re-produce them.  But it must identify them by Bates number in its supplemental response.[71]

**RFP 47** seeks "[a]ll Documents evidencing monies Joseph Cardenas withdrew at bank branches from [J&I Inc.'s] bank accounts at any time from January 1, 2018, to the present."[72]  J&I Inc. responded:

---

[68] (*Id.*)

[69] (Opp'n 8–9, Doc. No. 37.)

[70] *See Strobel v. Rusch*, No. 18-656, 2020 U.S. Dist. LEXIS 248004, at *14 (D.N.M. Jan. 23, 2020) (unpublished) ("Defendants [must] produce all responsive documents in their possession or control, regardless of whether they believe Plaintiffs already have them or that Plaintiffs can access them as easily or more readily than Defendants."); *Gomez v. Tyson Foods, Inc.*, No. 8:08CV21, 2012 U.S. Dist. LEXIS 106274, at *11 (D. Neb. July 31, 2012) (unpublished) ("[A] party is required to produce documents in its possession, custody or control, regardless of whether it believes the requesting party already has those documents.").

[71] *See, e.g.*, *Amtrak v. Cimarron Crossing Feeders, LLC*, No. 16-cv-1094, 2017 U.S. Dist. LEXIS 157363, at *23 (D. Kan. Sept. 26, 2017) (unpublished) ("Plaintiffs are not required to re-produce responsive documents that they have already produced, rather they may simply identify such documents by Bates stamp numbers or other identifier.").

[72] (Ex. C to Mot., Pl.'s Resps. 4, Doc. No. 36-3.)

> Plaintiff objects to this request as irrelevant, not proportional to the needs of this case. Object to this request as it is not limited in scope, or subject. As such, it is unduly burdensome, irrelevant, and overbroad. Specifically, these issues and those in Request 48 have previously been ruled as irrelevant to this case.[73]

J&I LLC argues Mr. Cardenas' withdrawals from J&I Inc. are "relevant to the issue of whether Mr. Cardenas receives compensation from Plaintiff, and thus to whether the mark is being used or has been abandoned."[74] J&I LLC also offers to narrow the scope of the request to the period from January 1, 2023, to present, which it contends is the relevant period for purposes of use and abandonment of the mark.[75] In opposition, J&I Inc. argues the "key issue" in this case is "whether Defendants wrongfully took the trademark," and "Defendants are trying to shift this to an abandonment issue."[76] J&I Inc. also argues withdrawals by Mr. Cardenas are irrelevant because they could have come from saved funds while the company had no income—or, conversely—the company could have had income but chose not to make distributions.[77]

---

[73] (*Id.*)

[74] (Mot. 14, Doc. No. 36.)

[75] (*Id.*)

[76] (Opp'n 9, Doc. No. 37.)

[77] (*Id.* at 9–10.) Both parties also rely on the court's March 7, 2025 order regarding a document subpoena Defendants issued to Mr. Cardenas, which included a request for records of his withdrawals from J&I Inc.'s accounts. (Mem. Decision and Order Granting in Part and Den. in Part Pl.'s Mot. to Quash Subpoena to Joseph Cardenas (March 7, 2025 Order), Doc. No. 33.) But the court did not decide, in that order, whether such records are relevant to this case. Instead, the court quashed the subpoena as to these records because they could "more readily be obtained via RFPs to J&I Inc. for its financial records." (*Id.* at 11.)

The motion is granted as to RFP 47.  J&I Inc.'s arguments again focus on the merits of the case.  But the fact that J&I Inc. disagrees with J&I LLC's abandonment claim is no basis to preclude discovery relevant to that claim.  As narrowed in the motion, RFP 47 is relevant to use and abandonment of the mark.  Specifically, withdrawals (or lack thereof) from J&I Inc.'s accounts may provide some evidence of whether the J&I Inc. was or is still operating during the relevant period.  J&I Inc.'s contention that there could be differing explanations for any withdrawals goes to the weight or persuasiveness of this evidence, but it is not a basis to preclude this discovery altogether.  And as narrowed, the request for approximately three years of withdrawal records is not disproportionate or unduly burdensome.  Accordingly, J&I Inc. must produce all documents responsive to RFP 47 for the narrowed timeframe.

**RFP 48** seeks: "[a]ll Documents evidencing, referencing, or discussing the reasons, whether actual or claimed, for any withdrawals of money Joseph Cardenas made at bank branches from Your bank accounts at any time from January 1, 2018, to the present."[78]  J&I Inc. responded: "Plaintiff objects to this request as irrelevant, not proportional to the needs of this case.  Object to this request as it is not limited in scope, or subject.  As such, it is unduly burdensome, irrelevant, and overbroad."[79]

In its motion, J&I LLC again offers to limit this request to January 1, 2023 to the present, and argues it is relevant to use and abandonment of the mark.[80]  J&I Inc.

---

[78] (Ex. C to Mot., Pl.'s Resps. 4, Doc. No. 36-3.)

[79] (*Id.* at 5.)

[80] (Mot. 15, Doc. No. 36.)

presents no specific argument regarding RFP 48 in its opposition, but merely refers to its arguments regarding RFP 47.[81]

The motion is granted as to RFP 48. Both the withdrawals themselves and the reasons for the withdrawals are relevant to whether J&I Inc. was or is still operating. Although the request for all documents "evidencing, referencing, or discussing the reasons" is broad, J&I Inc. offers no specific argument in its opposition regarding the burden of producing such documents. (J&I Inc. merely references its argument regarding RFP 47, which only addressed records of the withdrawals themselves.) In the absence of such argument, and given the narrowed timeframe, the request is proportional to the needs of the case. Accordingly, J&I Inc. must produce all documents responsive to RFP 48 for the narrowed timeframe.

**RFP 50** seeks "[a]ll communications with [J&I Inc.'s] bookkeepers or accountants, at any time, from January 1, 2020, to the present."[82] J&I Inc. responded: "Plaintiff objects to this request as irrelevant, not proportional to the needs of this case. Object to this request as it is not limited in scope, or subject. As such, it is unduly burdensome, irrelevant, and overbroad."[83]

J&I LLC argues RFP 50 is relevant to "operation of the business, [J&I Inc.'s] claimed damages as those rely on its financial condition, and the use or abandonment

---

[81] (Opp'n 10, Doc. No. 37.)

[82] (Ex. C to Mot., Pl.'s Resps. 5, Doc. No. 36-3.)

[83] (*Id.*)

of the trademark at issue."[84]  J&I LLC indicates that, during conferrals, it clarified it does not seek communications about Mr. Cardenas unless they also pertain to J&I Inc.[85]  Therefore, it does not seek to compel production of any communications relating solely to Mr. Cardenas and his personal finances.[86]  In opposition, J&I Inc. argues the request is "severely overbroad" because it seeks "any communication on any topic" for a five-and-a-half year period.[87]

      The motion is denied as to RFP 50.  This request is substantially overbroad and disproportionate to the needs of the case.  While documents regarding J&I Inc.'s financial condition may be relevant for the reasons stated in the motion, such documents could be obtained simply by requesting J&I Inc.'s financial records.[88]  J&I LLC does not explain why communications with bookkeepers and accountants are

---

[84] (Mot. 16, Doc. No. 36.)  J&I LLC also asserts it is merely following the court's suggestion (from a prior order) to seek these records directly from J&I Inc. rather than from Mr. Cardenas.  (*See id.*)  But in that order, the court merely found a subpoena to Mr. Cardenas for J&I Inc.'s communications with bookkeepers and accountants improper because such records could be obtained more conveniently from J&I Inc. directly, via an RFP.  (March 7, 2025 Order 8, Doc. No. 33.)  It did not address whether such an RFP would be relevant or proportional.

[85] (Mot. 16, Doc. No. 36.)

[86] (*Id.*)  Such a request would be impermissible.  In a prior order, the court found Mr. Cardenas' communications about his personal taxes and finances irrelevant to the claims and defenses in this case.  (March 7, 2025 Order 8, Doc. No. 33.)

[87] (Opp'n 10–11, Doc. No. 37.)

[88] The record from a prior discovery motion shows J&I LLC has already propounded such requests.  (*See* Ex. A to Mot. to Quash Subpoena to Joseph Cardenas, Def.'s First Set of Reqs. for Produc. and Things to J&I Maintenance, Inc., RFPs 21 & 29–30, Doc. No. 25 at 22–23 (requesting J&I Inc.'s profit and loss statements, accounting ledgers, and financial statements, and all documents relating to revenue, profits, and costs related to sales using the mark).

separately relevant. The request for nearly six years of these communications, on any topic, is far too broad and is likely to include substantial irrelevant information. Accordingly, J&I Inc.'s objections to RFP 50 are sustained, and it need not produce responsive documents.

## CONCLUSION

J&I Maintenance LLC's motion to compel[89] is granted in part and denied in part, and the court ORDERS as follows:

    1.    Within fourteen days, J&I Maintenance, Inc. must serve amended answers to RFAs 3, 4, 8, 11, 13, 16, 17, 19, 20, 21, and 22 consistent with this order.

    2.    Within fourteen days, J&I Maintentance, Inc. must serve supplemental responses and produce responsive documents for RFPs 45, 46, 47, and 48 consistent with this order.

DATED this 30th day of October, 2025.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[89] (Doc. No. 36.)